12 CV 1590

JUDGE CROTTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| CROWN EQUIPMENT CORPORATION, | : |
| Plaintiff, | : |
| v. | : |
| DAIRYLAND USA CORPORATION, EVEREST NATIONAL INSURANCE COMPANY, F.A. RICHARDS & ASSOCIATES, INC., AND CHEFS' WAREHOUSE HOLDINGS, LLC, | : CIVIL ACTION NO. _____ |
| Defendants. | : |

## COMPLAINT

Plaintiff, Crown Equipment Corporation, by its attorneys, Thomas J. Cullen, Constantine J. Themelis, Goodell, DeVries, Leech & Dann, LLP, and Heidell, Pittoni, Murphy & Bach, LLP, as and for its complaint against Defendants Dairyland USA Corporation, Everest National Insurance Company, F.A. Richards & Associates, Inc. and Chef's Warehouse Holdings, LLC allege:

1. At all relevant times, Crown Equipment Corporation ("Crown") was and is a foreign corporation duly organized and existing under the laws of the State of Ohio, with its principal place of business in New Bremen, Ohio.

2. At all relevant times, Dairyland USA Corporation ("Dairyland") was and is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Ridgefield, Connecticut.

- 1 -

906657.1

3. Dairyland is licensed to do business in the State of New York and has designated Bronx County as its office with the New York Secretary of State.

4. Dairyland is a major food distributor in the New York area and does business in this District and throughout the country.

5. Dairyland is a subsidiary of Chefs' Warehouse Holdings, LLC ("Chefs'").

6. At all relevant times, Chefs' was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Ridgefield, Connecticut.

7. Chefs' is a major food distributor in the New York area and does business in this District and throughout the country under the trade name Chefs' Warehouse.

8. Everest National Insurance Company ("Everest") is a property and casualty insurance company that does business in this District and throughout the country.

9. At all relevant times, Everest was and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Liberty Corner, New Jersey.

10. At all relevant times, F.A. Richards & Associates, Inc. ("FARA") was and is a corporation organized and existing under the laws of the State of Louisiana, with its principal place of business in Mandeville, Louisiana.

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue in this District is proper because Dairyland and Chefs' are subject to personal jurisdiction within this District.

13. Crown is in the business of designing, manufacturing and selling lift trucks, including narrow walkie/rider pallet trucks.

14. Crown Credit Company ("Crown Credit") is a wholly-owned subsidiary of Crown which offers financing arrangements, including leases, rentals and equipment loans to customers of Crown.

15. As part of its operations, Dairyland/Chefs' maintained distribution facilities, including a Chefs' warehouse distribution center in the Bronx, New York.

16. During 2007, Dairyland/Chefs' leased 12 brand new Crown Model PE45000 walkie/rider pallet trucks (the "Crown Trucks") for use in the Bronx facility.

17. In order to finance its acquisition of these 12 Crown Trucks, costing some $120,184.92, Dairyland/Chefs' applied for and received a lease through Crown Credit.

18. On or about April 15, 2007, Dairyland/Chefs' and Crown Credit entered into a Master Lease Agreement to cover the general terms of the relationship between the two companies. A copy of the Master Lease Agreement is attached hereto as Exhibit A.

19. In Section 6.02 of the Master Lease Agreement, Dairyland agreed:

> Lessee [Dairyland] shall, at its cost, . . . maintain with
> respect to each Unit (and any temporary Units furnished
> by Lessor [Crown Credit]) adequate comprehensive
> general liability insurance (minimum limits:
> $2,000,000.00 combined single limit) against bodily
> injury and property damage arising out of or in any
> manner related to Lessee's possession, use or operation of
> the Unit. All such insurance shall name Lessor and

- 3 -

906657.1

> Crown as additional insureds, shall contain an endorsement providing that such insurance shall be primary insurance and shall provide that Lessor shall receive thirty days prior notice of cancellation, nonrenewal, advance of any retrospective date, or aggregate erosion. Lessee shall furnish to Lessor, on or before the delivery date of the Unit to Lessee, certificates evidencing such insurance. Lessee shall be liable for any amounts which are within the deductibles or which extend the limits of the above- described insurance. Finally, the parties agreed that the Master Lease Agreement "shall be construed and enforced in accordance with the laws of the State of Ohio."

20. On or about April 4, 2007, Crown delivered the 12 Crown Trucks to Dairyland/Chefs' facility in the Bronx and Crown Credit paid for the 12 brand new Crown Trucks.

21. Upon information and belief, on October 17, 2008, Oral Forbes was using one of the Crown Trucks at the Bronx facility as part of his regular duties for Dairyland/Chefs' when he was injured.

22. On or about June 1, 2010, Crown was served with a summons and complaint in an action entitled *Oral Forbes v. Crown Lift Trucks*, Index No. 303675/10, filed in State Supreme Court in the County of Bronx, New York.

23. On or about June 24, 2010, Crown removed the lawsuit to the United States District Court, Southern District of New York.

24. On August 30, 2010, Mr. Forbes filed an amended complaint entitled *Oral Forbes v. Crown Lift Trucks and Summit Handling Systems*, 10 Civ. 4912 (SAS).

25. Mr. Forbes alleged that Crown was liable to him based on a theory of negligence.

906657.1

26. On or about November 2, 2010, Crown sent a letter to Dairyland informing it of the lawsuit and tendering the defense of the action and inquiring if Dairyland had maintained the insurance required by the Master Lease Agreement.

27. On December 10, 2010, Phil Dutille, a senior adjuster at FARA, advised that FARA is the third party administrator assigned to handle Crown's claim on behalf of Everest. Mr. Dutille also advised on December 10, 2010 that he received Crown's tender of defense and inquired in regard to the status of discovery. Crown responded on that same day and advised Mr. Dutille that no depositions had been taken in the case at that time and a site inspection occurred, which was attended by all parties. Crown offered to provide Mr. Dutille with any additional information that was needed to make a coverage determination.

28. The next time Mr. Dutille contacted Crown was on January 5, 2011, when Mr. Dutille requested a copy of the complaint and amended complaint. Both were provided that same day via e-mail.

29. On February 9, 2011, Crown was dismissed from the case. On that same day Crown renewed its request to FARA for a coverage determination.

30. On February 10, 2011, Crown received a phone call from Mr. Dutille requesting information regarding the discovery that had been completed and whether or not Crown retained any experts. Crown provided this information to Mr. Dutille immediately and again renewed Crown's request for a coverage determination on that same day.

31. On February 14, 2011, Crown called Mr. Dutille and requested a response to Crown's request for a coverage determination.

32. On February 17, 2011, Mr. Dutille advised that he would have a coverage determination within two weeks.

- 5 -

906657.1

33. On March 3, 2011, after not receiving a response, Crown again followed up with Mr. Dutille and renewed its request for a coverage determination. In response, on March 3, 2011 Mr. Dutille sent an e-mail requesting the amount of legal bills.

34. In response to Crown's inquiry in regard to the relevance of the amount of the legal bills to the coverage determination, on March 4, 2011 Mr. Dutille admitted in writing that he did not need to know the amount of defense costs in order to make a coverage determination, but stated the question will be asked by Everest.

35. After Crown refused to provide the amount of the defense costs, FARA sent a denial letter dated March 8, 2011 on behalf of Everest, where they rejected the tender of the defense because "Crown did not comply with the policy condition to immediately notify Chef's Warehouse or its carrier upon receipt of the summons and complaint."

### AS AND FOR A FIRST CLAIM OF CROWN FOR BREACH OF CONTRACT AGAINST DAIRYLAND/CHEFS'

36. Crown repeats and reavers the averments set forth in paragraphs 1 through 35 hereof as if set forth fully herein.

37. On or about June 1, 2010, Crown was served with a summons and complaint in an action entitled *Oral Forbes v. Crown Lift Trucks*, Index No. 303675/10, filed in State Supreme Court in the County of Bronx, New York.

38. On or about June 24, 2010, Crown removed the lawsuit to the United States District Court, Southern District of New York.

39. On August 30, 2010, Mr. Forbes filed an amended complaint entitled *Oral Forbes v. Crown Lift Trucks and Summit Handling Systems*, 10 Civ. 4912 (SAS).

40. Crown aggressively defended the *Forbes* case from the time it was served with the complaint.

906657.1

41. On February 9, 2011, as a result of Crown's defense, the *Forbes* case was dismissed.

42. In defending the *Forbes* case, Crown expended $95,881.36 for legal fees, travel costs and other related expenses.

43. Dairyland/Chefs' has refused Crown's demand to reimburse it for the $95,881.36 that it incurred to defend the *Forbes* action.

44. Dairyland/Chefs' breached the Master Lease Agreement by failing to maintain the general liability insurance and/or name Crown as an additional insured as required by Section 6.02 of the Master Lease Agreement.

45. Crown is an intended third party beneficiary of the Master Lease Agreement.

46. Crown has been damaged in an amount equal to $95,881.36 together with pre-judgment interest, plus its expenses, including legal fees, incurred to enforce its rights under the Master Lease Agreement.

### AS AND FOR A SECOND CLAIM OF CROWN FOR BREACH OF CONTRACT AGAINST EVEREST/FARA

47. Crown repeats and reavers the averments set forth in paragraphs 1 through 35, 36 through 46, hereof as if set forth fully herein.

48. At all relevant times Everest issued to Chefs' a Commercial General Liability policy (number CA00000361-081) ("the policy").

49. Everest has never denied that Crown is a named insured under the policy.

50. Everest was notified of the *Forbes* lawsuit in a timely manner.

906657.1

51. Accordingly, Everest had a duty to defend Crown for the allegations contained in the *Forbes* complaint.

52. Crown has made demand upon Everest's third party administrator, FARA, for payment of the costs incurred in defending the *Forbes* complaint.

53. Despite demand for payment of said defense costs, the Defendants, Everest and FARA, have failed and refused to pay same.

54. The Defendant, Everest, is in breach of its contract of insurance with Dairyland and Crown.

55. The Defendants, Everest and FARA, failed to exercise good faith in the processing of Crown's claim where the refusal to pay was not predicated upon circumstances that furnish reasonable justification thereof.

56. Crown has been damaged in an amount equal to $95,881.36 plus punitive damages together with pre-judgment interest, plus its expenses, including legal fees, incurred to enforce its rights under the Master Lease Agreement.

WHEREFORE, Crown demands judgment as follows:

(a) On the first claim, awarding Crown judgment in the amount of $95,881.36 plus interest, together with its costs of defense, including without limitation its attorneys' fees;

(b) On the second claim, awarding Crown judgment in the amount of $95,881.36 plus punitive damages, together with interest, its costs of defense, including without limitation its attorneys' fees;

906657.1

    (c)  Awarding Crown other, further or different relief as to the Court may deem just and proper.

Dated: New York, New York
    March 2, 2012

                Respectfully Submitted,
                HEIDELL, PITTONI, MURPHY & BACH, LLP

                By: _____
                   CHARLES L. BACH
                   SCOTT M. ZIMMERMAN
                   Attorneys for Plaintiff
                   CROWN EQUIPMENT CORPORATION
                   99 Park Avenue
                   New York, New York 10016
                   (212) 286-8585

                   THOMAS J. CULLEN, JR.
                   CONSTANTINE J. THEMELIS
                   GOODELL, DEVRIES, LEECH
                   & DANN, LLP
                   (*Pro Hac Vice* Motion To Be Filed)
                   Attorneys for Plaintiff
                   CROWN EQUIPMENT CORPORATION
                   One South Street, Suite 2000
                   Baltimore, Maryland 21202
                   (410) 783-4000

TO:  Dairyland USA Corporation
    1300 Viele Avenue
    Bronx, NY 10474

    Everest National Insurance Company
    P.O. Box 830
    Liberty Corner, NJ 07938-0830

    F.A. Richards & Associates, Inc.
    1625 West Causeway Approach
    Mandeville, LA 70471

    Chefs' Warehouse Holdings, LLC
    100 East Ridge Road
    Ridgefield, CT 06877

- 9 -

906657.1